IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| YVONNE R. ALSTON, | * |  |
| Plaintiff, | * |  |
| v. | * | Civil Action No. 22-cv-2596-PX |
| FULTON BANK NATIONAL ASSOCIATION, *et al.*, | * |  |
| Defendants. | * |  |

******

## MEMORANDUM OPINION

Pending in this consumer credit action is a motion to dismiss Counts Four, Seven, and Eight of the First Amended Complaint filed by Defendant U.S. Bank National Association ("U.S. Bank" or "the Bank"). ECF No. 40. Also pending is Plaintiff Yvonne R. Alston ("Alston")'s motion for leave to file a Second Amended Complaint. ECF No. 44. The issues are fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Court grants Alston's motion for leave to file a Second Amended Complaint and, given that the Second Amended Complaint is nearly identical to the First Amended Complaint in all material ways, the Court reaches and denies U.S. Bank's motion as applied to the operative pleading.

**I.      Motion for Leave to File a Second Amended Complaint**

The proposed Second Amended Complaint, filed in response to U.S. Bank's motion to dismiss, eliminates Fulton Bank[1] as a defendant and drops Counts Seven and Eight. ECF No. 44 ¶ 4; ECF No. 45 ¶¶ 119–38, 164–80. It does not otherwise include any changes to the averred facts. *See* ECF No. 45 ¶¶ 119–38, 164–80. U.S. Bank does not oppose the amendment.

---

[1] Fulton Bank was dismissed from the action following settlement. *See* ECF Nos. 41 & 46.

Accordingly, the motion is granted.  *See* Fed R. Civ. P. 15(a)(2) (courts must "freely give leave" to amend a complaint "when justice so requires.").

**II.      Motion to Dismiss**

Next, because the Second Amended Complaint eliminates two of the three counts of which U.S. Bank seeks dismissal, and otherwise does not change the facts averred, the Court reaches U.S. Bank's arguments for dismissal as to the remaining challenged claim, Count Four. *Cf. Baylor v. Homefix Custom Remodeling Corp.*, 443 F. Supp. 3d 598, 604, 610 (D. Md. 2020) (applying motion to dismiss to second amended complaint when count was "identical" to count in first amended complaint); *Wilson v. TelAgility Corp.*, No. GLR-17-1236, 2019 WL 2410963, at *6 (D. Md. June 7, 2019) (applying motion to dismiss to first amended complaint when "it [did] not amend the claims in the [o]riginal [c]omplaint").

The Court construes Complaint facts as true and most favorably to Alston, who proceeds pro se.[2]  The Second Amended Complaint avers that between 2019 and 2020, Alston maintained a credit card account with Fulton Bank, issued by a division of U.S. Bank.  *See* ECF No. 44-1 ¶¶ 49–77.  Further, in October 2019, March 2020, July 2020, and September 2020, U.S. Bank inaccurately reported to three credit reporting agencies ("CRAs") – Equifax, Experian, and Trans Union – that payments to the credit card account were "30 days late." *Id.* ¶¶ 49, 53, 58, 61, 65, 72, 74.  However, for the months of October 2019, July 2020, and September 2020, Alston avers that she had "paid her account on time and in full," rendering untrue the contrary reports to the CRAs. *Id.* ¶¶ 50, 66, 73.  In March 2020, the reporting was also "untrue" because COVID-19

---

[2] Courts in this district have previously observed that Alston's filings "appear to have been drafted by an individual with some legal training," *Alston v. Branch Banking & Tr. Co.*, No. GJH-15-3100, 2016 WL 4521651, at *1 n.1 (D. Md. Aug. 26, 2016), and that the Alston family is "engaged in an enterprise of Fair Credit Reporting Act litigation," *Alston v. Creditors Interchange Receivable Mgmt., LLC*, No. AW 12-1708, 2012 WL 4370124, at *1 (D. Md. Sept. 21, 2012).  Nevertheless, the Court will view the First Amended Complaint as a pro se filing.

travel restrictions in Maryland prevented Alston from "traveling to the office of Fulton Bank to pay the credit card account." *Id.* ¶ 59.

At some point within two years after U.S. Bank reported the late payments, Alston disputed the reports with the CRAs. *See* ECF No. 44-1 ¶ 122. The CRAs, in turn, communicated the dispute to U.S. Bank. The Bank then "fail[ed] to conduct a reasonable investigation" in that it did "nothing more than compare the points of data provided by the CRAs with its own records." *Id.* ¶¶ 122–23. U.S. Bank further failed to report to the CRAs that it did not verify the reported information; did not disclose the accounts were in "dispute status"; and performed an insufficient investigation on the accuracy of the reported adverse credit information. *Id.* ¶¶ 133–35. According to the Second Amended Complaint, U.S. Bank generally "only spends minutes processing a dispute," based solely "on the information contained in the [Automated Credit Dispute Verification form]," and does not consider the information included in the underlying dispute letter. *Id.* ¶¶ 128–29. This "policy of conducting quick, perfunctory investigations," says Alston, is aimed at keeping "costs low," and violates the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b). *Id.* ¶¶ 130, 135.

U.S. Bank now moves to dismiss Count Four for failure to plead the claim with the requisite specificity to sustain a willful or negligent violation of the FCRA. *See* ECF Nos. 40 & 40-1.

A. **Standard of Review**

A motion to dismiss brought pursuant to Rule 12(b)(6) "test[s] the sufficiency of the complaint," viewing the complaint facts as true and most favorably to the plaintiff. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint need only satisfy the standard of Rule 8, which requires "a short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555, 557).

Although pro se pleadings are construed liberally to allow for the development of a potentially meritorious case, courts cannot ignore a clear failure to allege facts setting forth a cognizable claim. *Compare Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (explaining that pro se complaints are not held to the same pleading standard as those prepared by lawyers) *with Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate.").

### B.   Analysis

Count Four alleges that U.S. Bank willfully and negligently violated § 1681s-2(b) of the FCRA in failing to conduct a reasonable investigation into the disputed adverse credit reports. ECF No. 44-1 ¶¶ 119–38. Specifically, the Second Amended Complaint avers that Alston disputed the CRA reports regarding her late credit payments; those disputes were forwarded to U.S. Bank; and U.S. Bank, in turn, "fail[ed] to conduct a reasonable investigation" of those disputes. *Id.* ¶ 122. According to Alston, U.S. Bank performed a "cursory" investigation in which it "did nothing more than compare the points of data provided by the CRAs with its own records," consistent with U.S. Bank's regular practice. *Id.* ¶¶ 123–25. Alston alleges that U.S.

Bank has "adopted [a] policy of conducting quick, perfunctory investigations to keep their costs low for processing consumers' disputes." *Id.* ¶ 130.

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). The statute regulates the CRAs, and those who "furnish" consumer data to CRAs, like U.S Bank. *See* § 1681s-2; *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 35 (1st Cir. 2010) (explaining that Congress added § 1681s-2 to FCRA to address issue "whereby even dutiful investigations of consumer disputes by CRAs could be frustrated by furnishers' irresponsible verification of inaccurate information, without legal consequence to the furnishers").

"Section 1681s-2(b) outlines the duties a furnisher of information has when given notice of a dispute concerning inaccurately reported information." *Ausar-El v. Barclay Bank Delaware*, No. PJM 12-0082, 2012 WL 3137151, at *3 (D. Md. July 31, 2012). To survive dismissal, the Second Amended Complaint must aver sufficient facts to make plausible that (1) Alston notified a CRA of the disputed information, (2) the CRA notified U.S. Bank, as furnisher, of the dispute, and (3) U.S. Bank failed to investigate and modify the inaccurate information. *See Alston*, 2016 WL 4521651, at *6.

To state a claim for willful violation of § 1681s-2(b), Alston must plausibly allege that U.S. Bank knowingly or recklessly violated the statute. *Safeco*, 551 U.S. at 56–57. In *Johnson v. MBNA Am. Bank, NA*, the Fourth Circuit imposed a "reasonable investigation" requirement on claims for negligent violation of § 1681s-2(b). 357 F.3d 426, 430–31 (4th Cir. 2004). There, it reasoned that "[i]t would make little sense to conclude that, in creating a system intended to give consumers a means to dispute—and, ultimately, correct—inaccurate information on their credit

5

reports, Congress used the term 'investigation' to include superficial, *un*reasonable inquiries by creditors." *Id.* (emphasis in original).  This Court has extended *Johnson*'s reasoning to willful violations of § 1681s-2(b).  *See, e.g.*, *Letren v. Wells Fargo Bank, N.A.*, No. PWG-15-614, 2016 WL 560801, at *3 (D. Md. Feb. 12, 2016) ("[A] willful violation claim can be based on an unreasonable investigation, which is tantamount to a failure to investigate."); *Alston*, 2016 WL 4521651, at *7 (noting that defendant "ha[d] not argued that there is any reason to interpret the word 'investigation' in the same statutory provision differently depending on whether a plaintiff is alleging a willful or negligent violation of § 1681s-2(b)").  And as U.S. Bank recognizes, *see* ECF No. 40-1 at 16, this Court has previously concluded "a complaint survives dismissal on a claim for willful violation of § 1681s-2(b) if a plaintiff alleges facts demonstrating that the furnisher did not conduct a reasonable investigation."  *Alston*, 2016 WL 4521651, at *7 (allegation that bank "merely verified that the information being reported was consistent with information that [defendant] previously reported" sufficient to survive dismissal); *Letren*, 2016 WL 560801, at *3 (allegation that defendant conducted "unreasonable investigation" sufficient to survive dismissal).

U.S. Bank argues that Alston has failed to plead with sufficient specificity that the Bank knowingly, willfully, or recklessly failed to investigate Alston's credit dispute.  ECF No. 40-1 at 14.  But the Second Amended Complaint avers that after the CRAs forwarded Alston's dispute to U.S. Bank, the Bank "did nothing more than compare the points of data provided by the CRAs with its own records" and did not consider any information Alston had provided.  *Id.* ¶¶ 122–23, 128–29; *cf. Tolson v. Democracy Fed. Credit Union*, No. 19-01800-PX, 2020 WL 406939, at *2 (D. Md. Jan. 24, 2020) (dismissing complaint that did "not aver any facts reflecting that [the furnisher] failed to investigate"); *Tillery v. U.S. Dep't of Educ.*, No. 18-03256-PX, 2019 WL

3413518, at *5 (D. Md. July 29, 2019) (dismissing complaint that did not allege defendant's investigation was insufficient or unreasonable).  Further, U.S. Bank's "policy of quick, perfunctory investigations to keep their costs low" makes plausible that the Bank remains quite aware of the shortcomings behind its review process, but nonetheless takes the risk of violating the statute for its own economic benefit.  ECF No. 44-1 ¶ 130; *see Singleton v. Domino's Pizza, LLC*, No. DKC 11-1823, 2012 WL 245965, at *4 (D. Md. Jan. 25, 2012) ("[C]ourts have found assertions that a defendant repeatedly violated the FCRA sufficient to allege reckless—and, therefore, willful—misconduct.").  From this, the Second Amended Complaint makes plausible that the violation was willful.

U.S. Bank next argues that the Second Amended Complaint fails to make plausible a negligent violation of § 1681s-2(b) because no actual damages were pleaded.  True, the Complaint must sufficiently allege actual damages to sustain the claim.  *See Alston*, 2016 WL 4521651, at *8 (citing § 1681o(a)(1)).  The Second Amended Complaint, however, meets that standard.  Alston claims to have suffered "out-of-pocket," and pecuniary loss, as well as emotional damages.  ECF No. 44-1 ¶ 136; *see Alston*, 2019 WL 670241, at *3 (finding plaintiff's allegations of "mental distress and emotional anguish" sufficient to state claim for actual damages); *Alston v. Freedom Plus/Cross River*, No. TDC-17-0033, 2018 WL 770384, at *6 (D. Md. Feb. 7, 2018) (same).  Therefore, the claim, as pleaded, survives dismissal.

**III.   Conclusion**

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 44) and DENIES Defendant's Motion to Dismiss (ECF No. 40), as applied to Court Four of the Second Amended Complaint.  A separate Order follows.

December 11, 2023                            /s/
Date                                                    Paula Xinis
                                                         United States District Judge